# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**MICHAEL VENIS**                                                                              **PLAINTIFF**
**ADC #123413**

**v.**                                       **CASE NO.: 4:07CV00426 JMM/BD**

**LARRY NORRIS, et al.**                                                                **DEFENDANTS**

### RECOMMENDED DISPOSITION

**I**.       **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District

Court Judge James M. Moody.  Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or legal

basis for the objection.  If the objection is to a factual finding, specifically identify that

finding and the evidence that supports your objection.  An original and one copy of your

objections must be received in the office of the United States District Court Clerk no later

than eleven (11) days from the date you receive the Recommended Disposition.  A copy

will be furnished to the opposing party.   Failure to file timely objections may result in

waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

1

II.    **Background**:

Plaintiff is currently an inmate in the North Central Unit of the Arkansas Department of Correction ("ADC").   At the time of the events described in the Complaint, Plaintiff was an inmate at the ADC's Ouachita River Unit.   He alleges that on April 28, 2004, he was working on a construction crew and was given a direct order from Defendant Don Nelson to assist approximately five other inmates in removing a set of metal stairs.   As the inmates were attempting to move the stairs, Plaintiff claims they fell and landed on his left foot "crushing his toes."

Plaintiff claims he was trained as a plumber but did not have construction experience.   He was not given a choice of what job to do.   He claims that his constitutional rights were violated because the ADC did not provide him with a safe work environment and should not have ordered him to do a task that placed him in jeopardy of serious harm or physical injury.   Plaintiff seeks injunctive and monetary relief against Defendants in their individual and official capacities.

III.    **Discussion**:

Defendants filed a Motion to Dismiss (docket entry #9) on May 11, 2007, claiming that Plaintiff's Complaint should be dismissed because: (1) Plaintiff failed to exhaust administrative remedies; (2) Plaintiff's claims are precluded by the doctrine of res judicata and collateral estoppel; (3) Defendants are entitled to qualified and sovereign immunity; and (4) Plaintiff fails to state a claim on which relief can be granted.   Plaintiff

filed a Response (#13) to the motion.  For the reasons set forth below, the Court

recommends that the District Court grant Defendants' Motion to Dismiss.

A.     *Standard*

In conducting a review for failure to state a claim, the Court is mindful that a

complaint should be dismissed only if it appears beyond doubt that a plaintiff can prove

no set of facts in support of the claim or claims that would entitle him to relief.

*Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998).  The

Court must accept the factual allegations in the complaint as true and hold a plaintiff's

*pro se* complaint "to less stringent standards than formal pleadings drafted by

lawyers. . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).  However,

broad conclusory allegations, even in a pro se complaint are insufficient to state a claim

under 42 U.S.C. § 1983.  *Grady v. Wilken*, 735 F.2d 303, 305 (8th Cir. 1984).  "[W]hether

a particular ground for opposing a claim may be the basis for dismissal for failure to state

a claim depends on whether the allegations in the complaint suffice to establish that

ground." *Id*. at 921 (citing *Leveto v. Lapina*, 258 F.3d 156, 161 (3rd Cir. 2001) ("[A]

complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense

. . . appears on its face" (other citations omitted)).

B.     *Failure to Exhaust Administrative Remedies*

Under the Prison Litigation Reform Act ("PLRA"), "No action shall be brought

with respect to prison conditions under § 1983 of this title, or any other Federal law, by a

prisoner confined in any jail, prison, or other correctional facility until such administrative remedies are as available are exhausted." 42 U.S.C. § 1997e(a)  The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, ___ U.S. ___, 127 S.Ct. 910, 923 (2007);  see also *Woodford v. Ngo*, ___ U.S. ___, 126 S.Ct. 2378, 2385 (2006).

In *Woodford*, the Supreme Court held that 42 U.S.C. § 1997e(a) requires, "proper exhaustion" of an inmate's administrative remedies. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id*. at 2386.  In *Jones*, the Supreme Court clarified that "the level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones* at 127 S.Ct. at 923.

To fully exhaust administrative remedies within the ADC, an inmate must: (1) file an informal resolution form within fifteen days from the date of the occurrence; (2) file a grievance within three days if the informal resolution attempt is unsuccessful; (3) appeal the denial of that grievance to the Warden; and (4) appeal the Warden's decision to the

ADC Deputy/Assistant Director.  See ADC Adm. Dir. 04-01 § IV(E) through (G) (February 1, 2004).

Plaintiff attaches to his Complaint an informal resolution he submitted on May 27, 2004, in response to the construction incident.  The staff responded to the informal resolution by rejecting it because it was submitted more than fifteen days after the alleged occurrence.  Plaintiff did not file a grievance within three days after receiving notice that his resolution attempt was unsuccessful to offer an explanation for his delay.

Over two years later, on October 30, 2006, Plaintiff filed two informal resolutions.  The first resolution claimed injuries from the April, 2004 construction incident, and the second claimed that his injuries, his hospital stay, and the medication he was taking following the incident rendered him "incapable of filing a grievance within the time limits set out in the AR-835."  Staff rejected both of the informal resolutions as untimely.  On November 6, 2006, Plaintiff filed grievances regarding the same issues.  After staff rejected both grievances as untimely, Plaintiff filed appeals with the Warden and then with the ADC Deputy Assistant Director.  The Warden and the Deputy Assistant Director denied the appeals on the basis that the informal resolutions and grievances were not filed until two years after the alleged incident occurred.  Based on the Plaintiff's grievance documents, Defendant has established that Plaintiff has failed to "properly exhaust" before filing this lawsuit.

In his Response to the Motion to Dismiss (#13), Plaintiff states that "the incident and medical treatment of the injuries have also led to further delays in the access to lower claims at state levels before using the PLRA." (#13 at p. 6)  He claims "many other attempts to proceed in the grievance procedures has been attempted but failed due to the motives of the defendants and other ADC officials at ORCU, at Malvern." (#13 at p. 10) Plaintiff's Response to the Motion to Dismiss does not a offer any explanation for waiting more than two years to bring a grievance claiming that his injuries rendered him incapable of filing a timely grievance.  Accordingly, the Court recommends that Plaintiff's complaint be dismissed for failure to exhaust. *Mickelson v. Hollinka*, 2007 WL 551520 at *4 (D. Minn. 2007) (complaint can be dismissed for failure to exhaust if there is no proof of full exhaustion) (citing *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000)).

C.    *Res Judicata and Collateral Estoppel*

Defendants also claim that the current lawsuit should also be dismissed because Plaintiff previously litigated his claim with the Arkansas State Claim's Commission ("the Commission").  Plaintiff admits in his Complaint that he brought a claim based on "some similar facts" before the Commission, and that the claim was dismissed after a hearing. Defendants attach to their motion the Commission's opinion denying Plaintiff relief.

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court is "not precluded in [its] review of the complaint from taking notice of items in the public record." *Papasan v. Allain*, 478 U.S. 265, 269 n. 1, 106 S.Ct. 2932 (1986);

*Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss"). "In this circuit, Rule 12(b)(6) motions are not automatically converted into motions for summary judgment simply because one party submits additional matters in support of or opposition to the motion. . . . Some materials that are part of the public record or do not contradict the complaint may be considered by a court in deciding a Rule 12(b)(6) motion." *Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999).

The Eighth Circuit has held that when an administrative agency acts in a judicial capacity to resolve disputed issues of fact properly before it, which the parties have had an opportunity to litigate, the principles of res judicata apply to bar further claims by the parties or their privies based on the same cause of action. *Price v. Harris*, 772 F.2d 427, 428 (8th Cir. 1983); *Steffen v. Housewright*, 665 F.2d 245, 247 (8th Cir. 1981). A claim is precluded under res judicata principles if: (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action. *In re Anderberg-Lund Printing Co.*, 109 F.3d 1343, 1346 (8th Cir. 1997). A preclusion analysis generally turns on whether the claims arise out of the "same nucleus of operative facts." *United States v. Gurley*, 43 F.3d 1188, 1195 (8th Cir. 1994) (quoting *Lane v. Peterson*, 899 F.2d 737, 742 (8th Cir. 1990)).

The Plaintiff's claim before the Commission was a negligence claim against the ADC, based on the same facts as those alleged in his current Complaint.  In his Commission complaint, Plaintiff alleged:

> At approximately 10:15 a.m. on April 28, 2004, Mr. Venis was directed by one of his supervisors, Donnie Robinson, to assist several other inmates in removing an iron staircase.  As Mr. Venis and the other inmates attempted to remove the staircase, the top of the stairs slid off the second story landing and twisted sideways.  Because of the great weight of the staircase, the inmates lost their grip on the staircase and it fell to the ground, landing on Mr. Venis' left foot.  The impact of the staircase on Mr. Venis' foot caused severe injuries.  There were no supervisors present during the removal of the staircase.  Although there was safety equipment available (such as a safety line which could have been attached to the staircase to prevent it from falling) no safety equipment was provided to the inmates.

On May 13, 2005, after a hearing at which Plaintiff was represented by counsel, the Commission held, "[T]he Claims Commission hereby unanimously denies and dismisses this claim for Claimant's failure to prove by a preponderance of the evidence liability on the part of Respondent."

Plaintiff's case before the Commission was based on proper jurisdiction and resulted in a final judgment on the merits between the same parties or privies as in the case before this Court.  Plaintiff's claim in the Commission case was a negligence claim, and Plaintiff's claim here is an Eighth Amendment claim.  Unfortunately for the Plaintiff, his Eighth Amendment claim in this lawsuit imposes on him a higher burden of proof than did his negligence claim in his case before the Commission.  *Walker v. Reed*, 104 F.3d 156, 157 (8th Cir. 1997) ("simple negligence" on the part of a prison officials is not

a violation of a state prisoner's Eighth Amendment rights against cruel and unusual punishment).  Plaintiff is trying to re-litigate the same claim in this lawsuit that he unsuccessfully raised before the Commission.  Accordingly, the Court recommends that the District Court also grant Defendants' motion to dismiss because it is precluded by Plaintiff's prior case before the Commission.  *Williams v. Campbell*, 163 F.3d 404, 1998 WL 514547 at *2 (8th Cir. 1998) (dismissing prisoner's § 1983 claim for prison officials' failure to properly train and supervise as precluded by plaintiff's successful negligence case before the Arkansas State Claims Commission).

## IV.    <u>Conclusion</u>:

The Court recommends that the District Court GRANT the Defendants' Motion to Dismiss (#9); DISMISS Plaintiff's Complaint (#2) with prejudice; and order that the case be closed.

Dated this 2nd day of October, 2007.

_____
UNITED STATES MAGISTRATE JUDGE